Lawrence Peikes (LP-2478)
Jonathan Bardavid (JB-0072)
Wiggin and Dana LLP
450 Lexington Avenue
Suite 3800
New York, NY 10017
(212) 490-1700
(212) 490-0536 (fax)

Attorneys for Defendant
ABOVENET, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DOUGLAS JENDRAS, : **CASE NO. 11 Civ. 5409 (KMK)**
:
             Plaintiff, :
:
        v. :
:
ABOVENET, INC., :
: **ANSWER**
             Defendant. :
------------------------------------------------------------ X

As its Answer to the Complaint ("Complaint") filed by plaintiff Douglas Jendras ("plaintiff") in the above-captioned matter, defendant AboveNet, Inc. ("defendant" or "AboveNet") admits, denies and alleges as follows:

1. Paragraph 1 of plaintiff's Complaint consists of legal conclusions, to which no response is required.

2. Paragraph 2 of plaintiff's Complaint consists of legal conclusions, to which no response is required.

3. Defendant admits the allegations set forth in Paragraph 3 of plaintiff's Complaint on the basis of information and belief.

4. Defendant admits the allegations set forth in Paragraph 4 of plaintiff's Complaint.

5.  Defendant admits the allegations set forth in Paragraph 5 of plaintiff's Complaint.

6.  Defendant admits the allegations set forth in Paragraph 6 of plaintiff's Complaint.

7.  Defendant admits the allegations set forth in Paragraph 7 of plaintiff's Complaint.

8.  Defendant admits the allegations set forth in Paragraph 8 of plaintiff's Complaint.

9.  Defendant denies the allegations set forth in Paragraph 9 of plaintiff's Complaint, except to admit that after May 2009, AboveNet was listed on the New York Stock Exchange.

10. Defendant admits the allegations set forth in Paragraph 10 of plaintiff's Complaint.

11. Defendant denies acknowledging plaintiff's efforts were "a key element" of its success, and further denies that plaintiff "continually received extremely favorable annual reviews," but otherwise admits the allegations set forth in Paragraph 11 of plaintiff's Complaint.

12. Defendant admits that plaintiff received stock unit awards pursuant to AboveNet's 2008 Equity Incentive Plan, but denies that the awards were in recognition of plaintiff's performance.

13. Defendant admits the allegations set forth in Paragraph 13 of plaintiff's Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of plaintiff's Complaint.

15. Defendant admits the allegations set forth in Paragraph 15 of plaintiff's Complaint.

16. Defendant admits the allegations set forth in Paragraph 16 of plaintiff's Complaint.

17. Defendant admits the allegations set forth in Paragraph 17 of plaintiff's Complaint.

18. Defendant admits the allegations set forth in Paragraph 18 of plaintiff's Complaint.

19. Defendant admits the allegations set forth in Paragraph 19 of plaintiff's Complaint.

20. Defendant admits the allegations set forth in Paragraph 20 of plaintiff's Complaint.

21. Defendant admits that in or around September 2008, it delivered a Stock Unit Agreement to plaintiff, as alleged in Paragraph 21 of plaintiff's Complaint. The balance of said Paragraph purports to describe the contents of the Stock Unit Agreement, to which the Court is respectfully referred for its full force and effect.

22. Defendant admits that on December 20, 2010, plaintiff was granted 3738 stock units, but denies that the grant was made by the Compensation Committee.

23. Defendant admits the allegations set forth in Paragraph 23 of plaintiff's Complaint.

24. Defendant admits that plaintiff received the Stock Unit Agreement referenced herein, and respectfully refers the Court to this agreement for its full force and effect. Defendant denies that the Stock Unit Agreement was provided and or approved by the Compensation Committee.

25. Defendant admits that plaintiff was granted 21,000 stock units subject to the vesting schedule set forth in paragraph 25 of the Complaint, but denies that the grant of stock units was made by the Compensation Committee.

26. Defendant admits that on or about February 18, 2011, it delivered a Stock Unit Agreement to plaintiff. The balance of said Paragraph purports to describe the contents of the Stock Unit Agreement, to which the Court is respectfully referred for its full force and effect.

27. Defendant admits that on or about January 28, 2011, it made a Form 8-K filing with the United States Securities and Exchange Commission ("SEC"), and respectfully refers the Court to this filing for its full force and effect.

28. Defendant admits that on March 1, 2011, it made a Form 10-K filing with the SEC, and respectfully refers the Court to this filing for its full force and effect.

29. Defendant denies the allegations set forth in Paragraph 29 of plaintiff's Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of plaintiff's Complaint.

31. Defendant admits the allegations set forth in Paragraph 31 of plaintiff's Complaint, but denies any implication that the amendment to the Employment Agreement was related to the allegations set forth in paragraph 30 of the Complaint.

32. Defendant admits the allegations set forth in Paragraph 32 of plaintiff's Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of plaintiff's Complaint, except to admit that plaintiff completed and submitted paperwork regarding a proposed telecommuting arrangement.

34. Defendant admits the allegations set forth in Paragraph 34 of plaintiff's Complaint.

35. Defendant admits that plaintiff received the Stock Unit Agreement referenced herein, and respectfully refers the Court to this agreement for its full force and effect. Defendant further admits that plaintiff executed and returned the Stock Unit Agreement to defendant on March 2, 2011, but denies the implication that plaintiff's execution of the Stock Unit Agreement created a binding and enforceable contract.

36. Defendant denies the allegations set forth in Paragraph 36 of plaintiff's Complaint.

37. Defendant admits that on or about March 24, 2011, Mr. Datta contacted plaintiff and indicated that defendant had decided to modify the terms of the January 2011 Stock Unit Agreement, but denies that the allegations set forth in Paragraph 37 of plaintiff's Complaint fully and accurately capture their conversation.

38. Defendant admits that in or around March 2011 it delivered a revised Stock Unit Agreement to plaintiff, as alleged in Paragraph 38 of plaintiff's Complaint. The balance of said Paragraph purports to describe the contents of the revised Stock Unit Agreement, to which the Court is respectfully referred for its full force and effect.

39. Defendant admits that plaintiff "refused to sign the modified version of the January 2011 award," as alleged in Paragraph 39 of plaintiff's Complaint, but denies knowledge or information sufficient to form a belief as to the truth or falsity of the further allegation in said Paragraph regarding plaintiff's reason for his refusal to sign.

40. Paragraph 40 of plaintiff's Complaint purports to characterize the contents of "public filings" that are unidentified and, therefore, defendant can neither admit nor deny the allegations set forth in said Paragraph, and respectfully refers the Court to those "public filings" for their full force and effect.

41. Defendant denies the allegations set forth in Paragraph 41 of plaintiff's Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of plaintiff's Complaint.

43. Defendant admits that Mr. Datta contacted plaintiff on or about July 11, 2011 to advise that his employment was terminated for "cause" but denies that the allegations set forth in Paragraph 43 of plaintiff's Complaint fully and accurately capture their conversation.

44. Defendant admits the allegation in Paragraph 44 of plaintiff's Complaint that on or about July 11, 2011, Mr. Datta sent a letter to plaintiff confirming the termination of his employment pursuant to Section 6(c) of the Employment Agreement. The balance of said Paragraph purports to characterize the contents of Section 6(c), to which the Court is respectfully referred for its full force and effect.

## COUNT I
**(Breach of Contract)**

45. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 44 of plaintiff's Complaint as though fully set forth herein.

46. Defendant denies the allegations set forth in Paragraph 46 of plaintiff's Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of plaintiff's Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of plaintiff's Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of plaintiff's Complaint.

## COUNT II
### (Specific Performance)

50. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 49 of plaintiff's Complaint as though fully set forth herein.

51. Paragraph 51 of the Complaint purports to characterize the contents of a Stock Unit Agreement, to which the Court is respectfully referred for its full force and effect.

52. Defendant denies the allegations set forth in Paragraph 52 of plaintiff's Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of plaintiff's Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of plaintiff's Complaint, and expressly denies that plaintiff is entitled to any remedy, be it at law or in equity.

## COUNT III
### (Breach of Contract)

55. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 54 of plaintiff's Complaint as though fully set forth herein.

56. Defendant denies the allegations set forth in Paragraph 56 of plaintiff's Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of plaintiff's Complaint.

## COUNT IV
## (Specific Performance)

58. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 57 of plaintiff's Complaint as though fully set forth herein.

59. Paragraph 59 of the Complaint purports to characterize the contents of a Unit Agreement, to which the Court is respectfully referred for its full force and effect.

60. Defendant denies the allegations set forth in Paragraph 60 of plaintiff's Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of plaintiff's Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of plaintiff's Complaint, and expressly denies that plaintiff is entitled to any remedy, be it at law or in equity.

## COUNT V
## (Breach of Contract)

63. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 62 of plaintiff's Complaint as though fully set forth herein.

64. Defendant denies the allegations set forth in Paragraph 64 of plaintiff's Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of plaintiff's Complaint.

## COUNT VI
## (Specific Performance)

66. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 65 of plaintiff's Complaint as though fully set forth herein.

67. Defendant denies the allegations set forth in Paragraph 67 of plaintiff's Complaint.

68. Defendant denies the allegations set forth in Paragraph 68 of plaintiff's Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of plaintiff's Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of plaintiff's Complaint, and expressly denies that plaintiff is entitled to any remedy, be it at law or in equity.

## COUNT VII
### (Breach of Contract)

71. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 70 of plaintiff's Complaint as though fully set forth herein.

72. Defendant denies the allegations set forth in Paragraph 72 of plaintiff's Complaint.

73. Defendant denies the allegations set forth in Paragraph 73 of plaintiff's Complaint.

## COUNT VIII
### (Attorney's Fees)

74. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 73 of plaintiff's Complaint as though fully set forth herein.

75. Defendant admits that, other than the addition of bold type, plaintiff has accurately quoted the contents of Section 22 of his Employment Agreement in Paragraph 75 of his Complaint.

76. Defendant denies the allegations set forth in Paragraph 76 of plaintiff's Complaint.

77. In response to the "WHEREFORE" clause following Paragraph 76 of plaintiff's Complaint, defendant denies that plaintiff has stated a cognizable claim, or is otherwise entitled to any relief whatsoever, including the relief set forth in paragraphs a through j.

## DEMAND FOR JURY TRIAL

78. Defendant denies that plaintiff is entitled to a trial by jury as to all counts alleged in the Complaint.

## DEFENSES

Defendant alleges the following defenses to the claims alleged by plaintiff in the Complaint:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part due to plaintiff's material breach.

### FIFTH DEFENSE

Plaintiff's claims are barred by his repudiation of the Employment Agreement.

### SIXTH DEFENSE

Defendant terminated plaintiff's employment for "cause" within the meaning of the Employment Agreement and any other contractual instrument alleged to have been breached.

WHEREFORE, defendant prays:

1. That the Complaint be dismissed in its entirety, with prejudice, and that judgment be entered in defendant's favor;

2. For costs in defending this action, including attorneys' fees; and

3. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____/s/_____
Lawrence Peikes (LP-2478)
lpeikes@wiggin.com
Jonathan Bardavid (JB-0072)
jbardavid@wiggin.com
Wiggin and Dana LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)

- and –

450 Lexington Avenue
Suite 3800
New York, NY 10017
(212) 490-1700
(212) 551-2600 (fax)

Attorneys for Defendant
ABOVENET, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2011, the foregoing Answer was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

_____/s/_____
Jonathan Bardavid (JB-0072)